IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DONALD RALPH DOTY, | ) | CASE NO. BK05-85769 |
| | ) | |
| Debtor. | ) | CH. 13 |

## ORDER

Trial was held in Omaha, Nebraska, on September 18, 2006, on the Second Amended Chapter 13 Plan filed by Debtor, Donald Ralph Doty (Fil. # 52), and an Objection to Confirmation filed by creditor, Heidi Hanisch ("Hanisch") (Fil. #61).[1] John T. Turco appeared for the Debtor, and Marion F. Pruss appeared for Ms. Hanisch.

Hanisch is the former spouse of Debtor, and is the holder of a judgment entered in the District Court of Douglas County, Nebraska, on May 25, 2004, in the amount of $56,672.96. Such judgment was specifically determined to be "in the nature of support for her and the parties' two minor children pursuant to the original decree of dissolution of marriage * * *." In an Order entered herein on May 10, 2006 (Fil. #36), on Debtor's objection to the claim filed by Hanisch, Chief Judge Timothy J. Mahoney determined that there was no reason to second-guess the decision of the Douglas County District Court and denied the objection to claim. Accordingly, the claim of Hanisch herein constitutes a priority claim pursuant to 11 U.S.C. § 507(a)(7) (as in effect prior to October 17, 2005).

Debtor has proposed a Second Amended Chapter 13 Plan ("Plan") which provides for 100% payment of all claims over 60 months. The priority claim of Hanisch is to be paid through the Trustee over the life of the Plan. Debtor's Plan calls for initial payments of $262.00 per month to the Trustee, with such payments increasing to $800.00 per month in October 2006, and $1,460.00 per month in April 2007.

Hanisch objects to the Plan on the basis that the Plan was not proposed in good faith and is not feasible. Debtor did appear and testified at trial in support of the Plan.

The Chapter 13 Trustee also objected to confirmation of the Plan on the basis that Debtor did not make payments for the months of June, July, and August, 2006. Debtor testified at trial that the failure to make payments was due to a misunderstanding and the payments have now been

---

[1]This matter was originally set for trial on Debtor's Amended Plan (Fil. #39) and Objection by Hanisch (Fil. #42). However, Debtor subsequently filed his Second Amended Plan (Fil. #52) and Hanisch filed her Objection thereto (Fil. #61), which filings became the operable documents for trial.

made. The Chapter 13 Trustee did not appear at trial. Accordingly, for purpose of this Order, the objection of the Chapter 13 Trustee is deemed to have been withdrawn.

In describing the current state of Eighth Circuit law on whether a Chapter 13 plan is proposed in good faith, the Bankruptcy Appellate Panel for the Eighth Circuit stated:

> In the Eighth Circuit, "good faith" analysis under § 1325(a)(3) is focused on "whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13." This requires looking to the totality of the circumstances to discern whether good faith exists. In *In re Estus*, the Eighth Circuit enumerated several factors to be considered. Following the enactment of § 1325(b), the Eighth Circuit concluded that that provision subsumed many of these factors, and so it narrowed the focus to one which depends on "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent representation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." However, the Eighth Circuit preserved parts of the *Estus* "totality of circumstances" approach and, thus, factors such as the type of debt sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief, are particularly relevant.

*Tina Livestock Sales, Inc. v. Schachtele* (*In re Schachtele*), 343 B.R. 661, 668 (B.A.P. 8th Cir. 2006) (*citing In re LeMaire*, 898 F.2d 1346, 1348-49 (8th Cir. 1990); *In re Estus*, 695 F.2d 311, 316 (8th Cir. 1982)). Whether the Plan represents a good faith effort to satisfy creditor claims is also a factor to be considered. *Banks v. Vandiver (In re Banks)*, 248 B.R. 799, 803 (B.A.P. 8th Cir. 2000) (*citing In re LeMaire*, 898 F.2d 1346, 1352 (8th Cir. 1990)).

Debtor testified that he and his fiancée share a home, combine their income and pay their expenses from a joint account. Both earn their incomes from Taste, LLC, which is a restaurant and catering business partially owned by Debtor. Debtor currently owns 25% of the limited liability company interests. Debtor further testified that he and his fiancée run the business of Taste, LLC, and make all decisions as to what bills get paid and when such bills get paid, as well as the amount and timing of any "draws" they take from the business income.

The Affidavit submitted by Debtor in support of confirmation (Fil. #45) states that as of July 27, 2006, Debtor had received wages of $5,769.20, and his fiancée had received wages of $21,666.00. In addition, Filing #50 shows that Debtor and his fiancée have collectively received an additional $36,710.00 in "draws" from January 1, 2006, through August 1, 2006. Debtor testified that the draws shown in Filing #50 are in addition to the wages described in Filing #45.

In addition to the compensation described above, Filing #45 states that Taste, LLC, provides for Debtor, and pays lease payments on, two vehicles for Debtor's business and personal use: a 2002 BMW X5, for which the payment is $639.86 per month, and a 1998 Porsche Boxster, for which the payment is $476.16 per month. Debtor testified that he also has the use of other vehicles. Debtor

further testified that Taste, LLC, is paying approximately $1,700.00 per month on a "debt" owed to Mr. Mike Cassling, the owner of the other 75% of the membership interests in Taste, LLC. However, upon cross-examination, it became clear that those payments are not "debt" payments at all. Instead, they are voluntary payments on behalf of Debtor to purchase the remaining membership interests pursuant to Paragraph 5(a) of the Members Agreement of Taste, LLC (attached as an exhibit to Fil. #45). Finally, Debtor testified that he and/or his fiancée has been paying from their joint account the sum of $325.00 per month to American National Bank for a debt upon which Debtor's father is obligated, for which neither Debtor nor his fiancée is legally obligated.

Hanisch has objected to the Plan on the grounds that it is not feasible and is not proposed in good faith. The feasibility objection is overruled. The testimony as to the compensation and draws being paid to Debtor and his fiancée, the evidence as to sales growth at Taste, LLC, and the testimony as to the expenses that Debtor has been able to pay (through Taste, LLC, or otherwise) all indicate that a confirmable Plan is certainly feasible.

The good faith objection, however, has merit. Debtor's testimony revealed that he has not accurately stated his income and expenses. In particular, Debtor is causing Taste, LLC, to pay approximately $1,700.00 per month to the majority owner of Taste, LLC, which payments apparently count toward Debtor's purchase of membership interests from the majority owner. Such payments are not "loan" payments as Debtor asserted, and are not mandatory payments under the Members Agreement of Taste, LLC. Instead, such payments actually represent additional income of the Debtor. By causing his company to make payments to his business partner, the Debtor is using funds that would otherwise be his income for a purpose other than the funding of his Plan. Also, it appears that Debtor may be using his income to pay a debt to American National Bank for which he is not liable. The bottom line is that the Debtor should make sure his creditors get paid in full before using his income to make substantial non-mandatory payments to purchase equity in his company or to pay debts upon which he is not liable. If Debtor were to use all such income to fund his plan, he could satisfy his creditors much more quickly, thereby reducing risk and uncertainty. Under the totality of the circumstances, it does not appear that Debtor's Plan represents a good faith effort to satisfy his creditors' claims, particularly the claim of Ms. Hanisch. Accordingly, the Court finds that the Plan was not proposed in good faith and should not be confirmed.

Hanisch also points out that Debtor is causing Taste, LLC, to spend approximately $1,116.00 on his behalf to lease two luxury motor vehicles for the benefit of Debtor and his fiancée. It is not entirely clear to the Court why such vehicles are necessary to the operation of a restaurant and catering business or why a less expensive alternative would not be more appropriate. However, as discussed above, Debtor can still properly fund his Plan despite the existence of such payments. Therefore, based on the information available, the Court will not find a lack of good faith due to the existence of such vehicle leases.

IT IS ORDERED: For the foregoing reasons, confirmation of Debtor's Second Amended Chapter 13 Plan (Fil. #52) is denied. Debtor is granted until October 27, 2006, to file an Amended Plan. If such an Amended Plan is not filed by that date, the case will be dismissed. This Order is

not final for appeal purposes.  An order of confirmation or order of dismissal upon failure to amend will be a final order for appeal purposes.

       DATED:   October 2, 2006

                                    BY THE COURT:

                                    /s/ Thomas L. Saladino
                                  United States Bankruptcy Judge

Notice given by the Court to:
     *John T. Turco
     Marion F. Pruss
     Kathleen A. Laughlin
     United States Trustee

Movant(*) is responsible for giving notice to all other parties not listed above if required by rule or statute.